The State ex rel. Farwell v. Leland.

THE STATE *ex rel.* FARWELL *et al.* v. LELAND *et al., Appellants.*

1.  **Practice in Supreme Court**: EVIDENCE, REVIEW OF ITS EXCLUSION In order that a party may have the exclusion of evidence reviewed in the Supreme Court, the bill of exceptions must clearly show what he expected to prove, so that the appellate court may judge of its admissibility and materiality, or the questions must be such as to clearly indicate what the answer will be and what the party desires to prove.

2.  ——— : ——— : ———. An exclusion of an answer to a question will not work a reversal for the defendant where it appears that an answer responsive thereto would not establish the defense relied on.

3.  **Execution** : SHERIFF: LEVY, TIME OF. As a general rule, a sheriff who has an execution in his hands has until the return day of the writ within which to execute it. There may, however, be special circumstances which will require an immediate levy in order to make the process available.

4.  ——— : ——— : ———. It is the duty of the sheriff to make the levy within a reasonable time, in view of all the facts and circumstances of the case.

*Appeal from Saline Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

*A. J. Herndon* and *S. C. Major* for appellants.

Reasonable diligence is a mixed question of law and fact, and the jury, in order to pass upon the same properly, should have all the facts and circumstances of the case before them. It was, therefore, error to exclude the evidence sought to be elicited from the defendant and his deputy. The court erred in refusing to give defendants' instructions. R. S. 1879, § 2338; *Kirkland v. Ferguson*, 13 Mo. 166. The instructions given for plaintiff, and by the court of its own motion, were misleading.

*Draffen & Williams* and *R. C. Clark* for respondents.

The court properly refused to permit the defendant and one of his deputies to state in what business they were engaged during the time the execution was unexecuted in their hands. *Elmore v. Hill*, 46 Wis. 618; *Redway v. Chapman*, 48 Mo. 218; *Campbell v. Luttrell*, 13 Mo. 27. Defendants' third instruction was properly refused. *Douglass v. Baker*, 9 Mo. 41; Herman on Executions, §§ 407, 410; 2 Hilliard on Torts, p. 191. *State ex rel. Kirkland v. Ferguson*, 13 Mo. 166, does not sustain appellant. Where a debtor is absent and cannot be notified, the sheriff must levy on all the property not specifically exempt, and permit the debtor to make his selection afterwards. Herman on Executions, § 151; *People v. Palmer*, 46 Ill. 398; *State ex rel. v. Emmerson*, 74 Mo. 607. It is unnecessary for plaintiff to point out the property to the officer, or to give any special directions in regard thereto. *State ex rel. v. Ownby*, 48 Mo. 71. The instructions were more favorable to the defendants than they had a right to ask. The court should have declared as a matter of law, that the undisputed facts showed that the officer was guilty of negligence. *Hearn v. Parker*, 7 Jones 150; *Elmore v. Hill*, 46 Wis. 618.

EWING, C.—The plaintiffs in this suit sued J. W. Chil-

ton, in November, 1877, in the circuit court of Howard county on a note and recovered judgment for $240.79. Sued out execution December 15, 1877, and on that day placed it in the hands of the defendant, Leland, sheriff of Howard county. It was returned the first Monday in April, 1878. On the same day another execution in favor of other parties and against Chilton was put into Leland's hands. Before Leland levied, the defendant in the execution, Chilton, made an assignment and Leland returned the execution *nulla bona.* Thereupon the plaintiffs sued Leland on his official bond for failure to levy, the other defendants being securities on his bond. Upon the trial in the Saline circuit court, where the case had been taken by change of venue, the plaintiffs read in evidence the judgment and execution against Chilton, and Leland's memorandum thereon that it was received December 15, 1877, and his return thereon, dated December 22, 1877. There was some objection to this judgment and execution, but the objection seems to have been abandoned here as no notice is taken of it. Plaintiffs then offered evidence which tended to show that J. W. Chilton was an old citizen of Howard county, who had been merchandising at New Franklin in said county for twenty years or over; that between the 15th of December and the 21st thereof, 1877, Chilton had in his storehouse from $3,500 to $4,000 worth of goods, and carrying on his business as usual; that the defendant, Leland, was familiar with these facts and was frequently at New Franklin and at Chilton's store; that during the time mentioned Chilton had $12,000 or $15,000 worth of notes and accounts due him. That Leland did nothing towards making a levy under the execution until the 21st of December, 1877, when his deputy, Boyd McCrary, went from Fayette, the county seat, to New Franklin, a distance of eleven miles, went to the store and enquired for Chilton, was told that he had gone to Boonville, two or three miles off across the river, into another county; that, after dinner, McCrary went to Boonville in search of Chilton, whom he

found intoxicated to such a degree as to render him incapable of transacting business; that McCrary remained all night in the neighborhood and at five o'clock next morning called on Chilton; told him his business for the first time and was then told by Chilton that he had made an assignment the day before, about noon. This was the plaintiffs' evidence.

The defendant offered evidence tending to show that the sheriff received no instructions when he got the execution, and had no intimation from any source that Chilton contemplated making an assignment until he was told so by Chilton on the 22d day of December, 1877. That the December term of the circuit court of Howard county adjourned finally on December 14, 1877. Defendants then asked witness, Boyd McCrary, the deputy sheriff, "where were you and in what business engaged from the time you received the execution up to the time you went to Franklin?" To this question plaintiff objected on the ground that it was immaterial, which objection the court sustainad. Defendant then introduced the defendant, Leland, and asked him the following questions: "In what business were you engaged on Monday, Tuesday, Wednesday and Thursday, December 17, 18, 19, 20, 1877?" To which question plaintiffs objected on the ground that it was immaterial. "Had you in your hands during the time above mentioned any other executions against other parties?" Objected to by plaintiffs, which objection the court sustained. Defendants then offered to prove the time of the opening and adjournment of the Howard circuit court for the December, 1877, term thereof, also same of the Howard county court for its December, 1877, adjourned term, which evidence was objected to by plaintiffs as immaterial; said objection was sustained by the court.

I. The main reliance of the appellant for a reversal of the judgment is the alleged error of the court below in refusing to allow the witnesses, McCrary and Leland, to answer the questions asked as set forth above. The rule

seems to be that where a party desires to offer evidence which is objected to, the bill of exceptions must clearly show what the party offering it expects to prove, so that the appellate court may be able to judge of its admissibility and materiality; or the question must be such as will clearly indicate what the answer will be, or what the party desires to prove. Otherwise, as is well said in *Jackson v. Hardin*, decided at this term by Philips, C., "The case might be reversed on the naked refusal to permit an answer to this question, and on retrial it might appear that the matter elicited was wholly immaterial and incompetent." The same doctrine is announced in *Aull Savings Bank v. Aull*, 80 Mo. 199. The question might be preliminary to other and further evidence, but how can this court judge what the answer is to be or lead to, unless the purpose is disclosed? The question asked might seem to be pertinent to the issue, but the answer be altogether impertinent. The first question asked the witness, McCrary, was: "Where were you and in what business engaged from the time you received the execution up to the time you went to Franklin?" How is this court to determine in what direction the answer would lead? But, if we presume that the witness would have answered that he had other executions in his hands or was engaged in other business of his office, unless that answer was sufficient to excuse him for failure to levy, then we must further presume that it would have been followed up with other pertinent and material evidence. This could not be done. Before this court can pass upon errors alleged they must be made manifest. The error must appear. The court cannot presume it. The same objection exists as to the questions asked Leland, himself. It is not shown what the evidence or answer would have been and in the absence of such showing this court has nothing to act upon. We can well conceive how the defendants might have shown an excuse for failure to levy if the facts existed, but the questions are not so before this court as will make them available.

II. On the other hand, admit that the questions were in such form as to disclose the materiality of the evidence. *Jackson v. Hardin, supra.* The answers to the questions propounded would not, of themselves, have been sufficient to reverse the case; because the answers responsive to these questions could not have fully established an excuse or reason sufficient to protect the defendant in failing to levy. The answer might have led to other questions and answers and facts material to the issue, but which this court cannot presume would have followed.

III. We think the rule laid down by Judge Napton in *State ex. rel. v. Rollins,* 13 Mo. 179, as to the duty of sheriffs is the correct one. It was followed in the same volume in the *State ex. rel. v. Ferguson,* 13 Mo. 117. Judge Napton in that case said: " A sheriff has the whole period of the running of the writ within which to execute it, and if it is executed by the return day it is sufficient. This we understand to be the general and usual duty of the officer. There may be circumstances, however, under which he would not be justified in postponing for a day the levy of his writ. The condition of things may be such as to require immediate steps on the part of the officer to make the process available." *Whitney v. Butterfield,* 13 Cal. 335; *Trigg v. McDonald,* 2 Hump. 386; *Commonwealth for Ashby v. Gill,* 14 B. Mon. 20; *Barnes v. Thompson,* 2 Swan 313; Freeman on Executions, sec. 252. The court below gave five instructions for the plaintiff but we shall only refer particularly to two; the first and third as follows:

1. The jury are instructed that it is admitted by the pleadings in this cause that in December, 1877, the defendant, V. J. Leland, was sheriff of Howard county, and that he and his co-defendants executed the bond sued upon, and if the jury shall find from the evidence that on the 8th day of December, 1877, the relators, John V. Farwell, Charles B. Farwell, William D. Farwell, Simon Farwell and John Harmon, recovered a judgment in the circuit court of Howard county against Joseph W. Chilton for the sum

of $240.79, together with costs, and that on the 15th day of December, 1877, an execution was issued upon said judgment and placed in the hands of the defendant, Leland, or his deputy, and that at the time the said defendant Leland or his deputy received said execution, the said Joseph W. Chilton had sufficient goods, wares and merchandise upon which said execution could have been levied, and out of which said debt could have been made, and that the defendant Leland or his deputy knew of said fact, or by reasonable diligence could have learned the same, and that said Joseph W. Chilton continued owner of said property for six days after said execution came into defendant's hands, and that the defendant took no steps to levy the same, and that on the 21st of December, 1877, said Chilton made an assignment of his property, and the relator's debt, or any part thereof, was lost by reason of the failure of the said Leland to levy said execution within a reasonable time, in view of these facts and circumstances in evidence, then the jury will find for the plaintiff, and assess the damages at such sum as they may believe, from the evidence, relators lost of such judgment, and by reason of the failure to levy said execution, with interest thereon at the rate of six per cent from the time of the return of the writ as shown by the evidence.

3.  The jury are instructed that it was not necessary for the plaintiff in the execution described in the petition to have given any special direction to the defendant Leland or his deputy in regard to the levy of said writ, or to have pointed out the property of said Chilton, but if the said defendant Leland or his deputy knew of any property of said Chilton upon which said writ could have been levied, or if by reasonable diligence they could have found such property, then it was the duty of said sheriff or his deputy to have levied upon and seized such property (within a reasonable time, in view of all the facts and circumstances in evidence,) without any special directions to do so.

These instructions fairly submitted the issue to the

jury and are in line with the rule quoted from 13 Mo. *supra.* The question was, did the sheriff levy " within a reasonable time in view of all the facts and circumstances in evidence ?" When the plaintiff proved the facts as alleged in the first instruction they had made a *prima facie* case ; and it was then for the defendant in his defense to offer in evidence "facts and circumstances" which would excuse him for not levying.

IV. The defendants asked twelve instructions which were refused by the court and who then, of its own motion, gave four which were the substance of four asked by the defendant and presented to the jury the proper issues for their consideration They are as follows:

"1 The court instructs the jury *that in the absence of any evidence* the law presumes the sheriff to have done his duty, and unless [the plaintiff satisfies them] *they believe* from the evidence that defendant failed to use reasonable diligence in the execution of the writ, their verdict must be for defendant.

"2. If the jury believe from the evidence, that on the 15th day of December, 1877, an execution was issued against one J. Warren Chilton, in favor of plaintiff, and placed in the hands of this defendant, and that the return day of the execution was on the first Monday of April, 1878, and that prior to the return day thereof and during the existence of the execution, said J. Warren Chilton made an assignment of all his property for the benefit of his creditors, they must find for the defendants, unless [the sheriff was guilty of a breach of duty by failure] *they believe from the evidence that the sheriff failed* to use reasonable diligence in making a levy before the assignment.

"9. If the jury believe from the evidence that the defendant, Leland, as sheriff, used reasonable diligence, *in view of all the facts and circumstances in evidence,* in executing the writ of execution in favor of the relators, they will find for the defendants. *Reasonable diligence on the part of a sheriff charged with a writ of execution, requires*

.that he be diligent in executing the writ, according to its com-
mand, as shown by the writ in evidence; that he be vigilant and
prompt in acting upon information which he possesses, or might
by reasonable diligence obtain, in reference to the condition of
the property of the defendant in such execution, and that he
take such steps as are necessary to secure the payment of such
execution out of the property of the defendant therein, if possi-
ble, before or by the return day of such writ and within a rea-
sonable time after it goes into his hands, in view of his duty as
above stated.

" 7.   The jury are instructed that the fact that defend-
ant received said execution on the 15th of December, 1877,
and that he did not attempt to levy the same on the goods
of said Chilton until the 22nd day of December, 1877, (is)
would not of itself, *alone and without any other evidence,*
be sufficient to impute negligence to defendant, notwith-
standing the said defendant knew the said Chilton had
sufficient property upon which to levy and satisfy said ex-
ecution, the return day of said execution being on the first
Monday in April, 1878.

The words in brackets were stricken out of the above
instructions, as asked by the defendants, and the words in
italics added by the court.

The third instruction asked by the defendants is as
follows:

3.   The court instructs the jury that the sheriff, in the
absence of any special instructions by plaintiff, or their
attorney, or circumstances which the use of ordinary dili-
gence should have brought home to him the failing condi-
tion of said Chilton, had until the return day of the writ
within which to execute the same; and if they believe said
sheriff exercised a reasonable diligence in executing said
writ up to the day when the defendant in the execution
protected his property from levy by his assignment, their
verdict should be for the defendant.

This in substance and, as we conceive, more clearly ex-
pressed, was given in the first and third for the plaintiffs,

and we see no error in refusing it. If the question is fairly submitted to the jury, it is immaterial who prays the instruction. The question of diligence under all the evidence and circumstances in the case was, we think, fairly submitted to the jury. They are the triers of the facts. They have found the facts for the plaintiffs and with which this court cannot interfere.

The judgment below is affirmed. All concur. NORTON. and SHERWOOD, JJ., absent.