THE SINGER MANUFACTURING COMPANY, Respondent, v. JENNIE CLAY, Appellant.

Kansas City Court of Appeals, April 3, 1893.

1. **Evidence**: SIGNATURE: ADMITTED SIGNATURE. In an issue of *non est factum* papers purporting to bear the signature of the party can be offered in evidence to the jury only when no collateral issue can be raised concerning them, which is only where the papers are either conceded to be genuine or are such as the other party is estopped to deny; and where papers are so competent, they are proper standards of comparison by which to test the genuineness of the disputed signature.

2. **Trial, Practice**: ADMISSION OF EVIDENCE: OBJECTIONS: INSTRUCTIONS. A party will not be allowed to permit the introduction of evidence without objection and, for the first time, make his objection by instructions.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Sam H. Kelley*, for appellant.

It is error to allow such writings to be proved as standards of comparison, and in permitting witnesses to express their opinion as to the genuineness of the writing in question, based on a comparison of such standard with the disputed writing. *State v. Clinton*, 67 Mo. 380; *State v. Owen*, 73 Mo. 440. The rule in regard to proof of handwriting has been relaxed in two cases: Where writings are of such antiquity that living witnesses cannot be had, and yet are not so old as to prove themselves, and where other writings, admitted to be genuine, are already in the case. 1 Greenleaf on Evidence, 578; *State v. Scott*, 45 Mo.

302; *State v. Clinton*, 67 Mo. 380. Papers not a part of the case and not relevant as evidence to the other issues are excluded, and mainly on the grounds that to admit such documents would lead to an infinite number of collateral issues. A standard of comparison cannot thus be established in an issue of *non est factum*. *Bank v. Stanley*, 46 Mo. App. 440; *Rose v. Bank*, 91 Mo. 399, and cases cited; *Edmonston v. Henry*, 45 Mo. App. 346; *Chance v. Road Co.*, 32 Ind. 472; *Blesse v. Blackburn*, 31 Mo. App. 264.

*Stauber & Crandall*, for respondent.

There was no error in permitting the witness to testify as to the genuineness of the signature to the mortgage by comparison with the registry receipt card and the Saxton Bank note. *Rose v. Bank*, 91 Mo. 399. Papers admitted to be genuine, jury can make comparison with or without experts. 1 Greenleaf on Evidence, [15 Ed.] sec. 578. *Miles v. Loomis*, 75 N. Y. 288; *More v. United States*, 91 U. S. 274; *LaChance v. Loeblien*, 15 Mo. App. 460. (2) In civil cases we understand the rule to be that objections to the introduction of evidence must be made at the time it is offered, and the specific objections stated. *Wayne Co. v. Railroad*, 66 Mo. 77, and cases cited; *Griffith v. Hanks*, 91 Mo. 109; *Hill v. Bailey*, 8 Mo. App. 85; *Brum v. Copstick*, 46 Mo. App. 397.

SMITH, P. J.—This was an action of replevin. The plaintiff corporation claimed the right to the possession of a sewing machine under a mortgage alleged to have been executed by the defendant. The defendant denied the execution of the mortgage, so that the only issue tried by the court was that of *non est factum*.

During the cross-examination of the defendant, who was a witness in her own behalf, the attorney for

the plaintiff exhibited to her the receipt of a registered letter which purported to be signed by her and then asked her: "Is that your signature?" The defendant answered that she would not swear to it, and then producing a note signed by her payable to a bank, she stated: "Here is a paper that I identify as my signature." The attorney for the defendant on re-examination of the defendant witness admitted the genuineness of her signature to the receipt. The plaintiff later on introduced several expert witnesses who on being shown the receipt and the note as standards of comparison testified their opinion that the signature to them was the same or very much the same as that to the mortgage which was also shown them. No objection was made to any of this testimony. At the conclusion of the evidence the court refused a request made by the defendant to instruct the jury that they should disregard so much of the evidence of the expert witnesses as was given from comparison of the signature of the defendant with the signature to the promissory note and the receipt.

The evidence which the defendant thus sought to have disregarded by the jury was clearly admissible under the rule laid down in 1 Greenleaf's Evidence, section 581, to the effect that "Such papers can be offered in evidence to the jury only when no collateral issue can be raised concerning them; which is only where the papers are either *conceded to be genuine, or are such as the other party is estopped to deny.*" And this rule has been approved by the supreme court of this state in *State v. Clinton*, 67 Mo. 380; *Rose v. Bank*, 91 Mo. 398; *State v. Scott*, 45 Mo. 309, and followed by us in *Edmonston v. Henry*, 45 Mo. App. 347, and in several later cases. It was conceded that the receipt and note were signed with the genuine signature of the defendant, and no reason is perceived why they were

not proper standards of comparison by which to test the genuineness of the disputed signature to the mortgage in issue and on trial in the case.

In this connection it is proper to remark that, even if the testimony which defendant asked the court to exclude by an instruction had been improper, we still would have affirmed the judgment, because it is a well-recognized rule of practice that a party will not be allowed in any case to permit the introduction of evidence without the interposition of objections thereto and for the first time make his objections by instructions. No such practice will be tolerated. If he is afforded an opportunity to make his objections at the time of the introduction of the evidence and fails to do so, he must be held afterwards to have waived them. *Maxwell v. Railroad*, 85 Mo. 95.

Nor is any error perceived in the other rulings of the trial court, so that it results the judgment which is for the right party must be affirmed. All concur.