THOS. McCOMBS, Appellant, v. W. C. FOSTER, Respondent.

Kansas City Court of Appeals, May 6, 1895.

1. **Trial Practice**: NON EST FACTUM: CONCEDED SIGNATURE: EVIDENCE. On a trial under a plea of *non est factum* such papers can only be offered in evidence to the jury that no collateral issue can be raised concerning them, that is, only when the papers are either conceded to be genuine, or are such as the other party is estopped to deny, or are papers belonging to the witness, who was previously acquainted with the party's handwriting, and who exhibits them in confirmation of his testimony.

2. ———: ———: ———: ———. The fact that the defendant in a deposition had admitted signatures to certain checks as genuine will not preclude him from denying such signatures on a trial in a plea of *non est factum* as to a promissory note; and on such denial such checks can not be admitted in evidence.

3. ———: ———: ———: ———. Where defendant goes upon the stand in such trial, on cross-examination, he will be compelled to answer whether the signatures to such checks are genuine or not. The signature used must be admitted by the party and the court must determine whether it is so admitted, to be able to rule on the question of its admission. The matter is not privileged, and the party has no right to withhold an answer.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

REVERSED AND REMANDED.

*Silas W. Dooley* for appellant.

(1) The statement of Foster that he signed the notes and checks attached as exhibits to his deposition was read to the jury without objection. The exclusion of the exhibits was based on a metaphysical definition of words. This case is on all fours with the last case

decided by this court. *Mfg. Co. v. Clay*, 53 Mo. App. 412; 1 Greenleaf, sec. 581; *State v. Clinton*, 67 Mo. 385; *State v. Owens*, 73 Mo. 440; *State v. Eddings*, 71 Mo. 549; Rapalje & Lawrence Law Dictionary, p. 30; *State v. Brooks*, 99 Mo. 143; *Shirts v. Overjohn*, 60 Mo. 308; *State v. Tompkins*, 71 Mo. 613; *Bogie v. Nolan*, 96 Mo. 90, 91; *Leeser v. Boekoff*, 38 Mo. App. 455. (2) The defendant when on the stand was asked if the signatures to the checks and note attached to his deposition were made by him. The court refused to let him answer it.

*Francisco Bros.* for respondent.

In a plea of *non est factum* on the trial of the genuineness of the signature, other signatures must be conceded to be genuine to make them admissible in evidence for use by comparison. *Doud v. Reid*, 53 Mo. App. 553; *Mfg. Co. v. Clay*, 53 Mo. App. 413; *Edmundston v. Henry*, 45 Mo. App. 346; *Rose v. Bank*, 91 Mo. 399.

ELLISON, J.—This is an action on a promissory note, in which the plaintiff was defeated in the trial court. The answer was *non est factum*, properly sworn to. On the trial plaintiff offered in evidence a number of bank checks, said to have been signed by defendant, and which defendant admitted he had signed, in his deposition taken by plaintiff in the cause, *before trial*. The defendant at the trial denied the genuineness of the signatures. The court thereupon refused to admit the checks. The checks could only have been used for the purpose of comparison of signatures with that attached to the note. It has been frequently ruled by the supreme court and this court, that "such papers can only be offered in evidence to the jury when no

collateral issue can be raised concerning them, which is, only when the papers are either conceded to be genuine, or are such as the other party is estopped to deny, or are papers belonging to the witness, who was himself previously acquainted with the party's handwriting, and who exhibits them in confirmation of his testimony." *State v. Clinton,* 67 Mo. 380; *Rose v. Bank,* 91 Mo. 399; *Singer Mfg. Co. v. Clay,* 53 Mo. App. 412; *Doud v. Reid,* 53 Mo. App. 553. The object of the rule, in the respect here considered, is to avoid the trial of collateral issues in the midst of the main trial. If the genuineness of the signature is not conceded by the party against whom it is proposed to use it, there immediately springs up a collateral issue which would tend to confuse and hamper the main issue. The rule then should receive such interpretation as will avoid this. In *Doud v. Reid, supra,* we held that a party seeking to avoid a signature to the instrument in suit could not introduce in his own behalf other signatures of his which *he* conceded and admitted to be genuine, so long as the opposite party denied they were genuine; since in such case a collateral issue was made. Now, here it is true that the defendant admitted under oath, before the trial of this cause, that the signatures to the checks were his signatures, yet he did not admit or concede this at the trial. It is not a play upon the words "admit" or "concede," but is here a question of whether what has taken place will avoid the collateral issue as to whether the signatures are genuine. Though defendant did admit in his deposition, taken before the trial, that the signatures were genuine, that fact did not *conclude* him on that question. He could still raise the question. He might afterward find he was deceived or was otherwise mistaken. When a party admits out of court a matter as being a fact, while it is evidence

against him on an issue as to that fact, it does not prevent him from saying and showing the contrary. So, then, though defendant did admit in his deposition that the signatures were genuine, yet he was not precluded from denying it at the trial, and thus bring on the collateral issue, which the rule aforesaid was designed to avoid. The trial court made a proper ruling on the matter.

II. But in another ruling made against the plaintiff we think there was error. The defendant was placed upon the witness stand in his own behalf, and on cross-examination by plaintiff was shown the checks about which he was asked in the deposition, and asked if the signatures were genuine. Defendant objected and he was not permitted to answer. The question should have been answered. The plaintiff had a right to know of defendant whether these signatures were genuine. It was not a privileged matter. The preliminary question in such case is as to the genuineness of the signature to the papers proposed to be placed in evidence. It must be admitted or conceded to be genuine by the party, and the court must determine whether it is so conceded, so as to be able to rule on the question of the admission of such signatures in evidence. As before stated, it is not a privileged matter, which the party has a right to withhold. Preliminary to the offer in evidence of papers signed by him, he may be required by the opposite party to admit or deny the genuineness of the paper. If he admits it the court should permit its introduction; for, in such instance, there can be no issue about it. The matter is settled. If he denies its genuineness, that is an end of the matter, for, otherwise, an issue, which the rule aforesaid avoids, is precipitated. It is not a question of whether the admission is a voluntary concession. The opposite party has a right to ask of him, *at the time the paper is proposed*

*as evidence*, whether it is or is not genuine, and, in so far as the right to introduce the paper is concerned, is bound by his answer.

The judgment will be reversed and cause remanded. All concur.