U. L. DeArman, Respondent, v. John Taggart, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. **Evidence:** CONCEDED SIGNATURE: BLANK NOTES: SETTLEMENT. In an action on a promissory note where the answer is *non est factum*, *held:*

   (1) The signatures of the defendant which are not conceded to be genuine are not admissible.

   (2) That a book of blank notes used in an office where the evidence tends to show that the note was signed is admissible.

   (3) That testimony as to a pending lawsuit considered to have been settled is admissible, especially where the defendant testifies to the same transaction claiming it was settled in a different way.

2. ————: DEGRADING WITNESS: POLICY OF THE LAW. While on cross-examination it may be right to fix the present character and moral principles of a witness, yet the interests of justice do not require that errors long since repented of and forgiven by the community should be recalled and perpetuated in judicial documents.

*Appeal from the Bates Circuit Court.*—Hon. James H. Lay, Judge.

Affirmed.

*Francisco Brothers* and *Burney & Burney* for appellant.

(1) The trial court erred in its refusal to admit in evidence the signatures of the name of the defendant in the hands of plaintiff's witness, L. D. Winsett. The rule is as follows: "Writings outside of papers in the case are admissible for purposes of comparison: *First.* When conceded to be genuine. *Second.* When they are such as the other party is estopped to deny. *Third.* When they belong to the witness who

exhibits them in confirmation of his testimony."
*Corby v. Weddle*, 57 Mo. 452; *State v. Scott*, 45 Mo.
304; *State v. Clinton*, 67 Mo. 380; *State v. Tompkins*,
71 Mo. 613; *Rose v. Bank*, 91 Mo. 399; *The Singer
Mfg. Co. v. Clay*, 53 Mo. App. 412. (2) It was error
to allow plaintiff to introduce in evidence the note-
book of blank note forms, belonging to Mr. Odell.
1 Thompson on Trials, sec. 542; *Anderson v.
Russell*, 54 Mich. 109, 111. (3) The evidence of Mrs.
Emma Ulm ought not to have been admitted, because
it appears, upon its face, that she refused to answer
material and proper questions on cross-examination,
and the officer before whom the same was taken de-
clined to compel the witness to answer such questions.
*First.* As to the relevancy and materiality of the evi-
dence. *Muller v. St. Louis*, 5 Mo. App. 390; s. c.,
73 Mo. 243; 1 Thompson on Trials, sec. 458.
*Second.* As to the rule requiring the striking out of
the deposition. *People v. Colo.*, 43 N. Y. 508; *Smith
v. Griffith*, 3 Hill (N. Y.), 464; *Forest v. Kissam*,
7 Hill (N. Y.), 465. (4) It was not proper to admit
testimony of the former suit concerning the alienations
of the affections of the wife of the plaintiff, for such
evidence tended to prejudice the defendant's cause, and
was irrelevant.

*Graves & Clark, W. O. Jackson* and *A. J. Smith*
for respondent.

(1) There was no error in refusing to admit the
receipts referred to by witness L. D. Winsett. They
were not conceded to be genuine by the adverse party.
The witness could not concede that the signatures were
genuine, so as to permit them to be introduced for
comparison. This concession must be made by the
adverse party. *Doud v. Reid*, 53 Mo. App. 553;

*McCombs v. Foster*, 62 Mo. App. 303. (2) There was no error in permitting the introduction of the book of blank notes. It was identified by both Ulm and Odell as a book in the harness shop at the time the note was given. It was a circumstance, corroborative in character, to which plaintiff was entitled. The deposition of Mrs. Emma Ulm was properly admitted. The questions asked her upon cross-examination were absolutely incompetent, and had they been answered in full, as most of them were, would have been incompetent and been excluded by the court. Witness can not be discredited in that way. *Ephland v. Railway*, 57 Mo. App. 147–163; *State v. Houx*, 109 Mo. 654–663; *State v. Clawson*, 30 Mo. App. 144; *People v. Cahoon*, 50 N. W. Rep. 385; *People v. Lohman*, 2 Barb. 224; Wharton's Criminal Evidence, section 472. There was no error in showing the former suit and the settlement thereof. The giving of a note usually means that there is an indebtedness and it is competent to show the indebtedness or consideration for the note. It is a circumstance tending to show the execution of the same.

GILL, J.—This is a suit on a promissory note, purporting to have been executed by defendant Taggart to D. E. Ulm, and by him assigned to the plaintiff. The defense was a plea of *non est factum*, under oath. On a trial by jury, there was a finding and judgment for plaintiff and defendant appealed.

The only matters of complaint relate to the court's action in the admission and exclusion of evidence, and these we shall notice in the order mentioned in defendant's brief.

*First.* When witness Winsett was on the stand, he produced, at the request of defendant's counsel, various receipts, which the witness said were signed

by the defendant. This was doubtless for the purpose of establishing a standard of comparison. Plaintiff's objection to the introduction of these papers was sustained, and of this ruling defendant now complains.

The court's action was correct. *Doud v. Reid*, 53 Mo. App. 553; *Singer Mfg. Co. v. Clay*, 53 Mo. App. 412; *McCombs v. Foster*, 62 Mo. App. 303, and authorities there cited. It has been repeatedly held in this state, that papers outside the case and purporting to contain the signature of the party charged with the execution of the instrument in suit, can not be admitted, when such admission would raise a collateral issue, and such collateral issue would only be avoided, either when such signatures are conceded by both parties to be genuine, or when the party against whom they are offered is estopped to deny their genuineness. It was *not* conceded that these receipts contained the genuine signature of the defendant, nor was the plaintiff estopped to deny such genuineness; the court, therefore, properly excluded them.

*Second.* At the trial there was evidence tending to prove that the note in suit was signed by defendant, in the store of one Odell, at Belton, Missouri; and that the paper used was procured from Odell's book of bank notes. Over defendant's objection, this stub book or blank notebook of Odell's was admitted in evidence for the purpose, doubtless, of showing that the form and character of the note in suit corresponded with the blanks in Odell's book, and thereby tending to corroborate the story as told by plaintiff's witnesses. In this there was no error. It was proper as showing a "physical circumstance" corroborative of plaintiff's theory of the case.

*Third.* In taking the deposition of Mrs. Ulm, defendant's counsel, on cross-examination interrogated the witness in relation to the date of her marriage,

the age of her firstborn, etc., all manifestly for the purpose of showing that before marriage she was guilty of illicit intercourse with her husband. At the trial the court, on plaintiff's motion, excluded all this testi: mony, and this ruling is now complained of.

The court was right. Mrs. Ulm had been married about thirteen years and even conceding the right on cross-examination to investigate and fix the present character and moral principles of a witness in order to advise the jury as to the proper weight to be given the testimony, yet the evidence here sought was entirely too remote. As well said by Mr. Greenleaf: "The examination being governed and kept within bounds by the discretion of the judge, all inquiries into transactions of a remote date will, of course, be suppressed; for the interests of justice do not require that the errors of any man's life, long since repented and forgiven by the community, should be recalled to remembrance and their memory be perpetuated in judicial documents, at the pleasure of any future litigant. The state has a deep interest in the inducements to reformation held out by the protecting veil which is thus cast over the past offenses of the penitent." 1 Greenl. Ev. [14 Ed.], sec. 459; see, also, *State v. Houx*, 109 Mo. 654–663.

*Fourth.* Neither has the defendant any right to complain of the admission of testimony tending to prove the existence of a claim by plaintiff against defendant, and a lawsuit pending at the date of the note, and which both parties concede was then settled. A full disclosure of all these facts and circumstances necessarily aided the jury in arriving at a just and correct verdict. And in addition to this, the defendant and his witnesses likewise testified in relation to such claim; but it was said to have been settled in a way other than giving the note.

Stove Co. v. Spear.

. We discover no error in the record and the judgment will, therefore, be affirmed. All concur.