S. HIRSCH & COMPANY, Appellants, v. GEORGE E. GREEN, Respondent.

Kansas City Court of Appeals, March 5, 1900.

1. **Evidence:** CROSS-EXAMINATION: DISCREDITING WITNESS: DISCRETION: INDEFINITE QUESTION. The extent to which a cross-examination for the purpose of discrediting the witness may go rests largely in the discretion of the trial court and will not be interfered with save in case of manifest abuse and refusal to allow a witness to answer the question if he was not discharged by plaintiff for dishonesty is not reversible error since the question is too indefinite.

2. **Appellate Practice:** ISSUE: INSTRUCTIONS. Where the case is submitted on the issue presented by the pleadings and evidence and upon proper instructions there can be no reversal.

Appeal from the Jackson Circuit Court.—*Hon. Edward L. Scarritt*, Judge.

AFFIRMED.

*Grant I. Rosenzweig* for appellants.

(1)  The denial to us of the right to have Hess's answer as to his own honesty or dishonesty, is by concensus of authority reversible error.  Muller v. St. Louis, 5 Mo. App. 390;  State v. Montgomery, 28 Mo. 594; affirmed, 73 Mo. 242;  Mathias v. O'Neill, 94 Mo. 520;  State v. Miller, 100 Mo. 606;  State v. Jones, 106 Mo. 302;  State v. Crow, 107 Mo. 341;  State v. Hack, 118 Mo. 92;  State v. Taylor, 118 Mo. 159;  State v. Pruett, 144 Mo. 92;  State v. Laughlin, 50 S. W. Rep. 319. (2)  The instructions as a matter of English declare what no law can justify.  No citations need or can be made thereto, but they simply need to be analyzed as matter of the relation of their parts to each other.

*Rozelle & Walsh* and *John G. Park* for respondent.

(1)  Defendant made out a complete defense under section 2392, Revised Statutes 1889.  The record discloses a final settlement between Hirsch and Green on February 16, 1894, and a final release of the latter on his paying $245.38. Baker v. Hunt, 88 Mo. 405.  The receipt which plaintiffs delivered to defendant may be shown by parol to be a complete release.  Weatherford v. Farrar, 18 Mo. 474; Griffith v. Creighton, 61 Mo. App. 1; State ex rel. v. Cummiskey, 34 Mo. App. 189, 199; State ex rel. v. Branch, 112 Mo. 661, 669.  (2)  The scope of the cross-examination of the witnesses was wholly within the discretion of the trial court. State v. Robb, 90 Mo. 30; Ephland v. Railroad, 57 Mo. App. 147; Dunn v. Altman, 50 Mo. App. 231, 239; Armstrong v. School District, 28 Mo. App. 169; 183; 2 Best on Ev. [Morgan's Ed.], sec. 644; DeArman v. Taggart, 65 Mo. App. 82; State v. Houx, 109 Mo. 654; Goins v. Moberly, 127 Mo. 116; State v. Gesell, 124 Mo. 531.  (3)  The question is

not within the bounds of legitimate impeachment. State v. Gesell, 124 Mo. 531; Seymour v. Farrell, 51 Mo. 95; McFadin v. Catron, 120 Mo. 252; Bank v. Murdock, 62 Mo. 70; McKern v. Calvert, 59 Mo. 243. (4) The instructions properly and consistently declared the law as applicable to the issues. R. S. 1889, sec. 2392; Baker v. Hunt, 88 Mo. 405; Mallman v. Harris, 65 Mo. App. 127; Carder v. Primm, 60 Mo. App. 423; Maack v. Schneider, 57 Mo. App. 431.

GILL, J.—Plaintiffs sued to recover the balance due on a promissory note executed by Dunnivan and on which defendant Green and one Hayes were sureties. The original amount of the note was $500. Dunnivan made some small payments aggregating $68, leaving a balance of about $490 unpaid in February, 1894. Dunnivan becoming insolvent, plaintiffs sought payment of the sureties, and according to defendant Green's evidence it was then agreed between plaintiffs and defendant that if the latter would pay one-half of balance due, that is, $245, plaintiffs would then release and discharge the defendant and would look alone to the other security, Hayes, for the remainder. But according to plaintiff's evidence, no such agreement was made, and they only agreed to accept the $245, as part payment of the balance and never agreed to discharge the defendant short of payment of the whole amount. It is conceded that Green paid the $245, and this suit is for the other half, Hayes failing to pay anything.

On the issue above indicated a trial was had in the circuit court, resulting in a verdict and judgment for defendant and plaintiffs have appealed.

1. It is complained (1) that the court erroneously excluded certain evidence tending to impeach one of defendant's witnesses and (2) that error was committed in the instructions.

To corroborate defendant's testimony that on payment of half of the note and interest plaintiffs agreed to discharge defendant from any further liability, one Hess was examined as a witness. On cross-examination by plaintiffs' counsel, Hess admitted that he was at one time in plaintiffs' service but that about six years prior to the trial he left said employment. Counsel then asked the witness whether or not he "had been discharged by Hirsch & Company for dishonesty?" The court sustained an objection to this question, but permitted the witness to answer the question merely whether Hirsch & Company had discharged him. This ruling is complained of.

The evident purpose of the question was to discredit the witness. The rule is well settled that a witness on the stand may be cross-examined in relation to any collateral matter which tends to shake his credit by injuring his character. But the extent of such cross-examination must rest largely in the discretion of the trial judge, and this discretion will not be interfered with unless manifestly abused to the prejudice of the complaining party. Muller v. Hospital Ass'n, 5 Mo. App. 390, 401; Dunn v. Altman, 50 Mo. App. 231. If now the court below had required the witness to answer whether or not he had, years before, "been discharged for dishonesty" we could hardly condemn the ruling but we do not think the refusal to let him answer should be regarded as reversible error. "The courts are slow to allow the past life of a witness to be dug up and brought to light; for the interests of justice do not require that the errors of any man's life, long since repented of and forgiven by the community, should be recalled to remembrance and their memory be perpetuated in judicial documents, at the pleasure of any future litigant." 1 Greenl. Ev. [14 Ed.], sec. 459; De Arman v. Taggart, 65 Mo. App. 82.

More than this, it is not indicated in the question pro-

Hirsch & Co. v. Green.

pounded, nor by any statement of counsel at the time, what was the particular nature of the charge sought to be imputed to the character of the witness. The question was merely if the witness was discharged for dishonesty. Of what the so-called dishonesty consisted does not appear. People differ as to what may constitute dishonesty, and it may have been that the particular act in the mind of the counsel was not, in fact, dishonesty. The question was too general; the nature of the so-called dishonesty of the witness should have been disclosed so that the trial court, as well as this court, might determine whether or not the matter was material and such as would reasonably discredit the witness. Otherwise the case might be reversed on the refusal to permit the question to be answered and on a second trial it might turn out that the matter was immaterial and in no way calculated to reflect on the character of the witness. State ex rel. v. Leland, 82 Mo. 260; Kraxberger v. Roiter, 91 Mo. 404; Ball v. Independence, 41 Mo. App. 469.

2. We fail to find in the instructions given by the court anything of which plaintiffs have a right to complain. The real issue between the parties was single and simple, to wit: was it the understanding and agreement when defendant paid the $245 that he should be released from further liability? If so, then since it is admitted that defendant did make such payment, the plaintiffs should not recover. The case was submitted to the jury on this theory. The verbal interlineations and changes made in certain instructions asked by plaintiffs were necessary to make them harmonize with that of the defendant and were entirely proper.

Plaintiffs have had a fair and impartial trial, and as we discover no substantial error, the judgment must be affirmed. All concur.