SHELBY COUNTY RAILWAY COMPANY, Appellant, v. C. B. CRAWFORD et al.; W. A. DIMMITT, Respondent.

Division One, July 1, 1911.

1. CONDEMNATION: Excessive Damages: Conflicting Evidence. An assignment that the damages assessed by a jury in a condemnation case were excessive, will not be considered on appeal, if the evidence relating thereto is conflicting and is sufficient, if believed, to support the verdict.

2. ——: Evidence: Exclusion: Plan of Construction: Not Connected With Particular Tract. Where the court sustained an objection to a question asked by the railroad company in the condemnation, as to what was the "plan of construction of the railroad" with reference to a certain crossing, and the record does not disclose on whose land the crossing referred to was to be constructed, the appellate court will not review the trial court's ruling sustaining the objection.

3. ——: ——: ——: Location of Crossing. A resolution of the railroad company ordering an overhead crossing to be constructed on respondent's land for his convenience, is not admissible evidence on the question of damages in the condemation case. Neither the railroad company nor the land-owner is by the statute given the right to dictate the location of an ordinary grade crossing; and if the resolution, if admitted, would fix the location, the company would be enabled to do indirectly what it could not do directly; and if it would not fix its location, its admission would be useless and perhaps harmful.

4. ———: ———: ———: **Offer to Construct Crossing.** A written tender by the railroad company to the landowner to "use the space underneath the trestle on the north side of Block Creek for the purpose of a crossing," and "also of a wagon crossing over said railroad on the north side of the land wherein said road is now located," is indefinite, since it does not provide who will build the crossing, who will maintain it, what crossing it will be, nor whether it will be permanent, and the court did not err in excluding it in that form.

5. ———: ———: ———: ———: **Eliminated by Instruction Requested.** If all consideration of crossings was eliminated from the case by an instruction which appellant asked, and the court, upon this invitation, in lieu of the one asked, gave an instruction which ignored all consideration of the evidence as to undergrade crossings, appellant cannot complain that its written tender to construct an undergrade crossing on respondent's land was excluded.

Appeal from Randolph Circuit Court.— *Hon. Wm. H. Martin*, Special Judge.

Affirmed.

*E. M. O'Bryen* and *V. L. Drain* for appellant.

(1) The evidence offered by plaintiff as to its plan of construction of its railway over the land of defendant was proper. The court should have admitted same so that the jury could have the whole matter before them in arriving at the amount of damage sustained. Railroad v. Clark, 119 Mo. 357; 121 Mo. 195. (2) The tender of the crossing under the railway track of plaintiff was competent and its exclusion by the court was prejudicial to the rights of plaintiff. The refusal to permit such a tender to be made is contrary to the established rules of this and other states, and constitutes a vital error in this proceeding. Railroad v. Clark, 119 Mo. 357; also 121 Mo. 195; Railroad v. Knapp-Stout Co., 160 Mo. 396; Railroad v. State, 53 N. J. L. 217; Carpenter v. Railroad, 24 N. J. Eq. 249; Packard v. Railroad, 54 N. J. L. 563; McGregor v. Gas Co., 21 Atl. (Penn.) 13; Hayes v. Railroad, 54 Ill.

373; Railroad v. Railroad, 105 Ill. 388; Railroad v. Fletcher, 128 Ill. 628. (3) The amount assessed by the jury as damages is excessive. Railroad v. Walsh, 197 Mo. 392.

*W. O. L. Jewett, J. D. Dale* and *Whitecotton & Wight* for respondent.

(1) The only evidence offered by the appellant as to the crossing at the north line was the purported resolution of the board made long after the institution of this proceeding to condemn respondent's land. Under the pleading in the case, the right tendered by the resolution to the respondent could not be of any avail to him as it was too indefinite to be enforceable and furnished no light to the jury in determining the damages to respondent's farm by reason of the location of appellant's road. While it is true that a railway company will be allowed to show by competent evidence the advantages to the land by reason of any crossing that may be placed over the right of way, yet this will not avail the appellant when, as in his case, nothing had been done by appellant that would insure respondent any right but what is guaranteed him under the laws of the State. The testimony was too uncertain and indefinite to aid the jury in determining the damages sustained. What the law guaranteed could in no wise be assisted by such indefinite testimony. The only purpose would be to make the jury believe the respondent was getting some special reservation and thereby cause them to give him a smaller verdict than they otherwise would. (2) The testimony of the witness Mitchell was not excluded on the ground that it, appellant, could not show the plan of construction of the road, but on the ground that he was not competent to show that fact. The appellant at no time offered any competent testimony as to the crossing at the point appellant insists it was going to place one. There is no conflict in the action of the trial court and the case of Rail-

road v. Clark, 121 Mo. 195. (3) The appellant takes the same position as to the offer to the under crossing at the trestle. As to the wagon crossing, both being a part of the same offer and the action of the court applies alike to both, and the same objection made by appellant also applies.

BLAIR, C.—This is a proceeding instituted in the circuit court of Shelby county by the Shelby County Railway Company to condemn a right of way across certain lands.

The commissioners awarded damages to respondent, in the sum of two hundred and seventy dollars. The railway company paid the money into court and proceeded with the construction of its road. Respondent filed exceptions and, on change of venue to Randolph county, obtained judgment for seven hundred and fifty dollars, from which this appeal is prosecuted.

The errors assigned relate to the admission and exclusion of evidence, the exclusion of an offer to permit the use of certain crossings by respondent, the giving and refusal of instructions and the alleged excessiveness of the damages allowed.

I. It is urged that the damages assessed are excessive. The familiar rule that the verdict of a jury on conflicting evidence will not be disturbed by this court is as applicable to this case as any other. [City of St. Joseph v. Crowther, 142 Mo. 155.] The testimony of respondent and his witnesses was amply sufficient, if believed, to support the verdict.

II. The witness Mitchell was asked by appellant's counsel what was the "plan of construction of the railroad with reference to a crossing at the north end here." The court sustained an objection, and, without indicating what answer was expected or making any offer of proof, counsel proceeded with the examination of the witness on other subjects. The question does

not disclose, as it appears in the record, on whose land the crossing referred to was to be constructed. Under such circumstances the ruling of the trial court on the objection cannot be reviewed. [Aull Savings Bank v. Aull, 80 Mo. l. c. 202; Jackson v. Hardin, 83 Mo. l. c. 187; Copper & Iron Mfg. Co. v. Mfgrs. Co., 230 Mo. l. c. 77; State ex rel. v. Leland, 82 Mo. 260; Fitzgerald v. Barker, 96 Mo. l. c. 664; Berthold v. O'Hara, 121 Mo. l. c. 98; St. Louis v. Babcock, 156 Mo. l. c. 152; Seibert v. Hatcher, 205 Mo. 83; Ruschenberg v. Railroad, 161 Mo. l. c. 81; State v. Douglass, 81 Mo. 231; State v. Arnold, 206 Mo. l. c. 597; State v. Eisenhour, 132 Mo. l. c. 146.]

III. Objection being made, the trial court excluded a resolution of appellant's board of directors, adopted some eighteen months after this proceeding was instituted, which reads: "It was also ordered that an overhead crossing be placed on W. A. Dimmitt's land at a point near where he joins V. L. Drain's land south of Shelbyville."

It is urged that this resolution should have been admitted in order that the jury might have before them, in assessing the damages, the location of the farm crossing which appellant intended to construct for respondent's convenience. The briefs of counsel seem to concede, and the height of the railway embankment (seven to nine feet) on all of respondent's land demonstrates, that the crossing contemplated by the resolution was an ordinary grade crossing and not a viaduct. The latter would have necessitated the use for approaches of land not sought to be condemned. The statute (Sec. 3145, R. S. 1909) entitled respondent, under the circumstances of this case, to "all necessary farm crossings" which might be required to connect conveniently the severed parts of his farm. Neither appellant nor respondent is by the statute given the right to dictate the location of such crossings, and if they cannot agree

"the court must exercise its best judgment and decide the controversy with due regard to the rights of both." (Powell v. Railroad, 215 Mo. l. c. 358) and the safety of the traveling public.

If the location by the resolution offered would have become fixed by the admission of the resolution in evidence and the assessment of damages with it before the jury, then if appellant could force its admission it could do indirectly that which it has no power to do directly, i. e. dictate the location of a farm crossing on respondent's land.

On the other hand, if the admission in evidence and consideration by the jury of the resolution would not have the effect of fixing the location of the crossing, the admission of the resolution would be useless and probably harmful.

The case of Railroad v. Clark, 121 Mo. 169, to which we are referred in this connection, is not in point, since in that case the offer made by the railway company was to construct two *open* crossings for the defendant's convenience, to neither of which would he have been entitled under the section of the statute relating to farm crossings, even had that section been applicable to the situation there presented. That case decided the question whether the condemning company could "reserve to the landowner, without his consent, one or more open crossings and have the damages assessed on the basis that the landowner has and retains such an easement." In other words, whether the railroad could construct its road so that the landowner's means of access to the severed parts of his tract would be more convenient than the law absolutely required, and secure consideration of such construction in reduction of damages. There the plan of construction gave the landowner more than he was entitled to under the statute, while here no such effort on the part of the company is disclosed.

Practically the same situation existed in the case of

Railroad v. Knapp-Stout & Co., 160 Mo. 396, and, for substantially the same reasons, its doctrine, based on that of the Clark case, is inapplicable here.

The fact, if it be a fact, that respondent would have secured under his abandoned contract with appellant a crossing at the point fixed in the resolution offered, is of no weight. This is not a suit to enforce that contract, nor does it appear what reasons induced respondent to provide in the contract for the crossing at the point therein fixed. It cannot be assumed that point was either the most or the least convenient point simply because under the contract mentioned appellant agreed to construct and respondent to accept a crossing there. Nor does the evidence in any way disclose that the crossing contemplated in the resolution was either more or less conveniently situated than that to which respondent is entitled by force of the statute itself. There was no error in excluding the resolution.

IV. Counsel for appellant offered in evidence a writing signed by them reading: "The Shelby County Railway Company hereby tenders to W. A. Dimmitt the use of the space underneath the trestle on the north side of Black Creek for the purpose of a crossing, and also a wagon crossing over said road on the north side of the land wherein said road is now located."

On objection the tender was excluded, the trial judge stating his reasons thus: "The objection is sustained for the reason that the offer is indefinite; it does not provide who shall build the crossing, and who shall maintain it, and what crossing it will be, what time it will run, nor that it shall be permanent."

Appellant's counsel excepted to the ruling and the court then remarked: "The court will permit you to amend your petition or amend your offer in such way as to cover the objection and that it may be incorporated in the record so as to bind you and run with your right."

In response to this, appellant's counsel announced that "they would not now further press the matter of the offer in the stipulation" or tender set out. The matter was not again adverted to on the trial.

There was evidence already in the case to the effect that the plan of construction provided for the leaving open of that part of the right-of-way occupied by appellant's trestle north of Black Creek. No instruction based on this evidence was asked. On the contrary, appellant's counsel requested the court to instruct as follows:

"The court instructs the jury that in passing on the question of damages, the jury must not consider the question of crossings on objector's land but must assess the damages, if any, upon the assumption that necessary and proper crossings will be provided by the railway company or enforced by the law."

Whatever ambiguity, if any, exists in the language used when counsel announced they would "not now further press the matter of the offer" of the crossings is removed by the course thus subsequently pursued. The instruction requested demonstrates that counsel desired to avoid an assessment of damages on the hypothesis of the allowance to respondent of an under-grade crossing, despite the fact that their evidence, notwithstanding the exclusion of the tender, showed that the plans contemplated the use by respondent of the "space under the trestle."

It is not necessary to decide whether the evidence of the plans admitted or the tender excluded would have been sufficiently definite to require at the hands of the trial court the submission of the issue as to damages on the hypothesis that the under-trestle passageway would be left open for respondent's use. It suffices that the evidence admitted would have served quite as well as the tender excluded as a basis for the adoption of such a theory. In other words, appellant had equally as good right, on the record as it stands, to have

the jury required to consider the proposed under-grade crossing as it would have had if the trial court had admitted the tender in evidence. Nor was there involved any question of convincing the jury with respect to this feature of the proposed construction. It was for the court to determine from the evidence whether the jury should be required to assess the damages on the theory that a crossing under the trestle was to be reserved for respondent, and by requesting the instruction it did appellant in effect requested the court to eliminate all question of the under-grade crossing from the case.

Had the damages been assessed on the assumption that a passage way under the Black Creek trestle was to be provided for respondent's use, such assessment, on the evidence admitted, would have been quite as efficacious to bind both parties as if the excluded tender had been admitted and the damages then assessed on the same theory.

The instruction asked was refused, it is true, but in lieu of it the court, accepting the invitation extended by the request mentioned, gave another which also ignored all evidence with respect to an under-grade crossing. The verdict was thus based on a theory suggested by appellant's counsel which would, for all practical purposes, have eliminated the so-called tender had the trial court admitted it. Under such circumstances this judgment should not be reversed on this assignment.

It is not improper to state that the tender made was indefinite and the requirement imposed by the trial court not at all unreasonable. Such an offer should be sufficiently definite to apprise the trial court fairly of the extent of the rights thus attempted to be excepted from condemnation. In view of what was said in the preceding paragraph, the reference in the tender made to a grade crossing need not be further considered.

It may be added that the instruction mentioned as given in lieu of that requested was fashioned on the latter and the error in it, if any, was invited by appellant. The instruction requested must be construed to have reference to the ordinary statutory farm crossing at grade, since there are no facts in this case suggesting the existence of conditions sufficiently out of the ordinary to require the construction of any other kind.

This disposes of the several matters of which appellant complains. The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adapted as the opinion of the court. All the judges concur.