## Estate of Frank A. Moore, deceased.
## Claim of Nettie E. Hinman, Appellee, v. John F. Devine, Administrator, Appellant.

## Gen. No. 16,067.

EVIDENCE—*effect of admissions. Held,* that the instrument in part set forth in this opinion though not a will was an admission of liability sufficiently definite and certain as to justify the allowance of the claim filed against the estate of the deceased debtor.

Appeal from the Circuit Court of Cook county; the HON. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 26, 1912.

BORMAN & MCGRATH, for appellant; FRED LEHMAN, of counsel.

LOWES & RICHARDS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The claim of Nettie E. Hinman for the sum of two thousand dollars against the Estate of Frank A. Moore, deceased, was allowed by the Probate Court of Cook county and appellant appealed to the Circuit

Court. In that court the cause was submitted to a jury and a verdict returned in favor of the claimant for said amount, judgment entered thereon and appeal taken therefrom to this Court.

The testimony showed that Frank A. Moore in the afternoon of June 4, 1907, attempted to make a last will and testament, consisting of nine pages, introduced in evidence, and in part as follows:

"I now owe Mrs. Geo. W. Magee under the name and style of Nettie E. Hinman about the sum of sixteen hundred dollars for money loaned during my dear wife's illness and for the maintenance of the tube factory in which I was then interested, and in addition thereto I am personally obligated to her for food, clothing, lodging and moneys advanced during the past three years and for which an accounting has never been had but which said sum has now been estimated at approximately two thousand dollars ($2,-000.00) and which has been unsecured although the original amount approximating sixteen hundred dollars was at the time of the making thereof secured by First Mortgage on my homestead No. 620 West Monroe St., city of Chicago. It now being my intention to make this additional sum of two thousand dollars which is justly due her on account of these favors in the light of a legacy, provided the amount thereof does not exceed a sum equivalent in excess of one-half of the entire estate."

Mr. W. H. McCarthy testified that he and Mr. Moore were office associates; that he called at the hospital to see Mr. Moore, who began to tell how he wanted his property disposed of and said, "You better put down what I tell you;" that the witness wrote on ordinary note paper as Mr. Moore dictated; that Mr. Moore took and read over what he had written and marked each sheet "O. K. F. A. M." or "O. K. F. A. Moore," and signed the last one "O. K. Frank A. Moore." Mr. J. D. Murphy was present at the time and corroborated the testimony of Mr. McCarthy.

Mrs. Hinman was at the hospital and "in and out" of the room at the time the statement was made, but said nothing in relation thereto. There were no subscribing witnesses. Mr. Moore died June 6, 1907. It was also shown that the decedent had resided at Mrs. Hinman's for about three years prior to his death. The appellant offered no testimony.

It is contended that the said written admission of the decedent was not sufficient evidence to sustain the verdict because it was vague, uncertain and a conclusion. The items of indebtedness are given and the statement made that the amount due therefor had been estimated at approximately two thousand dollars, which language as used we think fairly implies that there had been an understanding between decedent and Mrs. Hinman, that as nearly as they could arrive at the amount due it was two thousand dollars, and which the decedent further stated was the sum "which is justly due her." That the instrument was not a will and there was no legacy is not material in this case. In C. & N. W. Ry. Co. v. Boone County, 44 Ill. 240, the Court said: "The voluntary admissions of a party, no matter when or how made, if made with a knowledge of the circumstances, have always been admitted in evidence, as this Court said in Robbins v. Butler, 24 Ill. 387."

We think the statement was properly admitted in evidence, and presented sufficient facts upon which to base the verdict and judgment. The judgment is affirmed.

*Affirmed.*