Peter S. Sarelas and People of the State of Illinois ex rel. Peter S. Sarelas, Appellant, v. Dewey F. Fagerburg et al., Appellees.

Gen. No. 42,126.

Heard in the third division of this court for the first district at the March term, 1942. Opinion filed December 9, 1942. Rehearing denied January 6, 1943.

WEBER & WEBER, of Chicago, for appellant.

NICHOLSON, SNYDER, CHADWELL & FAGERBURG, of Chicago, for certain appellee; RICHARD M. KECK, of Chicago, of counsel.

DENT, WEICHELT & HAMPTON, of Chicago, for certain other appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment entered on a directed verdict in favor of defendants on the 18th day of June, 1941, and from a decision of the court denying plaintiff's motion for a new trial on the 3rd day of July, 1941, and from an order of the court dismissing Dewey F. Fagerburg, one of the defendants, on the 10th day of May, 1940, and from an order denying plaintiff's motion for leave to file an amended complaint, on the 10th day of May, 1940.

The facts are, as they appear in this record, that on the 1st day of June, 1934, plaintiff did file a complaint in the circuit court of Cook county, in case number 34 C 7429, as a judgment creditor against McCue and

Company, a corporation dissolved on June 22, 1932, its stockholders, directors and officers, including Dewey F. Fagerburg, alleged to be a stockholder, officer, director and attorney for the said McCue and Company corporation. Summons was issued and delivered to the sheriff of Cook county on June 1, 1934, for service on the defendants in said case. The sheriff of Cook county by his deputies did serve the defendant Dewey F. Fagerburg on June 4, 1934, and William G. Shirer on June 6, 1934, another defendant in said complaint in case number 34 C 7429, but failed and neglected to serve and perfect the service of summons on McCue and Company, a corporation, and made return that said defendant, McCue and Company, a corporation, "was not found in this county."

The circuit court of Cook county dismissed the plaintiff's complaint for the reason that service of process was not had on the dissolved McCue and Company, a corporation, within two years from the date of its dissolution, June 22, 1932. Plaintiff appealed to the Appellate Court of Illinois, first district, which affirmed the dismissal of the suit by the circuit court; and the Appellate Court delivered an opinion which is reported in volume 291, Illinois Appellate reports, page 540, stating that the court had no jurisdiction of the case for the reason that the summons had not been served on the defendant corporation, McCue and Company, within the two-year period fixed by section 79 of the General Corporation Act of 1919.

It further appears that in the present case a complaint was filed on May 9, 1939, which set out plaintiff's cause of action, incorporating therein the affidavit of the deputy sheriff, August Berke; motions to dismiss the complaint were filed by the defendant, Dewey F. Fagerburg, on June 19, 1939; the defendants, William D. Meyering and the United States Casualty Company, a corporation, filed their answer on June 28, 1939; on May 10, 1940, the court entered an order dismissing

plaintiff's suit as to defendant, Dewey F. Fagerburg, and an order denying plaintiff's motion for leave to amend his complaint. On June 4, 1941, as to William D. Meyering and the United States Casualty Company, the court entered an order granting plaintiff leave to file instanter an amended complaint and an order that every allegation in said amended complaint be deemed denied by the defendants, William D. Meyering and the United States Casualty Company, unless a written answer is filed by said defendants; plaintiff's amended complaint against William D. Meyering and the United States Casualty Company, a corporation, defendants, was filed June 4, 1941. The cause then, on June 17, 1941, proceeded to trial and, before plaintiff finished his evidence on all issues, the trial judge in the morning session of June 18, 1941, decided to separate the issues and submit the case to the jury on the question of negligence and liability of William D. Meyering, ex-sheriff of Cook county, in failing to serve the corporation McCue and Company, in the circuit court of Cook county, case number 34 C 7429, on June 4, 1934, when the defendant D. F. Fagerburg, was found and served on June 4, 1934, which was 18 days before the remedy against directors, officers and stockholders of said corporation, which had been dissolved on June 22, 1932, expired by conditional limitation of two years after the date of dissolution if process was not served upon the corporation within that time as provided under section 79 of the General Corporation Act of 1919, and as held in the case of *Sarelas v. McCue & Co.*, 291 Ill. App. 540. In the afternoon session of June 18, 1941, the trial judge entertained and allowed the motions of defendants William D. Meyering and the United States Casualty Company, Meyering's surety on his bond, to exclude all evidence received in behalf of the plaintiff, and for directed verdict for both defendants, which was signed and the court entered judgment on the directed verdict, and on July 3, 1941, entered an

order over-ruling plaintiff's motion for a new trial and denying a new trial in that cause.

The plaintiff contends that the action of the trial court in allowing the motion of the defendants to exclude all of the evidence received on behalf of the plaintiff at the close of plaintiff's case, and in allowing and giving an instruction to the jury to find the issues in favor of the defendants, when even on the face of the pleadings and the record there is a manifest negligence or violation of statutory duties by the former sheriff, William D. Meyering, is a denial of elementary justice and contrary to the spirit and the letter of the law. It is further urged as to the negligence and omission of the sheriff and his deputies of their statutory duties in failing to effect service of summons on the corporation McCue and Company, that the circuit court of Cook county, in case 34 C 7429, held that it was fatal to the maintenance of plaintiff's cause of action as a judgment creditor against McCue and Company, a corporation, its officers, directors and stockholders, including the defendant in this case, Dewey F. Fagerburg.

The Appellate Court for the first district in its opinion, vol. 291, at page 548, upheld the circuit court and in its opinion said:

"The summons not having been served on the defendant corporation, McCue and Company, within the two-year period fixed by section 79, the court had no jurisdiction of the case, and the motion of defendants to dismiss was properly sustained."

In reply to the suggestion that was offered by the plaintiff, the defendant states that it is the law that a sheriff is not an insurer of the service of process and that to establish a liability the burden is upon the plaintiff to prove by a preponderance of the evidence that the failure to serve McCue and Company was due to the failure of William D. Meyering or his deputies

to exercise reasonable diligence to serve the summons (citing cases).

The plaintiff in support of his position quotes five sections of the Sheriffs' Act, approved January 27, 1874, Ill. Rev. Stat. 1941, ch. 125 [Jones Ill. Stats. Ann. 124.01 *et seq.*]. The substance of these sections is that the sheriffs are the officers designated by statute for the service of process; that they may act by deputies and are responsible for the negligence of their deputies; that failure to obey the lawful decree of a court shall be deemed contempt and punished accordingly, and the sheriff shall be liable to the party aggrieved for such disobedience; and that upon taking office sheriffs should give bond approved by the judges of the circuit court. The question as to what bearing these sections have in determining the degree of diligence required of a sheriff, or whether the failure to produce evidence from which the jury may reasonably find that William D. Meyering was negligent in the service of summons, is a question that will have to be passed upon to determine whether the sheriff was diligent in his duty as a sheriff in the attempt to serve the summons which was in his possession and which it was his duty to serve.

It does not appear that the plaintiff has referred to one place in the abstract of record which purports to show that any particular individual was a proper person upon whom the service of summons could have been made as against McCue and Company. Plaintiff complains of failure to serve Dewey F. Fagerburg or W. G. Shirer of McCue and Company and at various places in his brief refers to one or both of these individuals as officers, directors, stockholders, agents or attorneys for McCue and Company, and it is suggested by the defendants that one would expect a reference to evidence that one or both bore such relationship to McCue and Company.

The only evidence plaintiff offered in support of his claim of negligence was the testimony of plaintiff, who recited certain facts of his appearing at the sheriff's office in the county building; that he went to the man at the front desk and asked him if he had the service of summons on the defendants in this particular case and that the man looked at his book and found no return had been made and told plaintiff that the man intrusted with the service was Deputy Sheriff Berke; that plaintiff was told to leave a message there; there was a scratch pad there on which he could write it, and so he wrote; that he was told to place the note on the spindle there, which he did; that he wrote on a piece of paper the lawyer's name and also his name and address and telephone number, and did not hear anything from either the sheriff or deputy sheriff or anybody else. Plaintiff says he appeared there on several occasions for the purpose of getting information as to the service that might have been made by the sheriff upon these defendants.

That is about the sum and substance of the effort made by the plaintiff in such interests as would be necessary for the sheriff or the deputy sheriff to make service upon these defendants. Plaintiff states that he was present on several occasions, as we have already indicated, but the only information given is that service was had such as indicated herein.

These defendants contend the alleged memorandum made by the plaintiff does not make out a case of negligence on the part of the sheriff, and it is further contended by the defendant that the testimony of plaintiff as to the alleged contents of such memoranda is not legal nor proper evidence, and was erroneously received by the trial court. The written memorandum was not produced and no effort was made to lay a proper foundation for the use of secondary evidence other than offering a notice to defendants to produce. No proof was ever made that the memorandum was

in the possession of Meyering or Berke or of the United States Casualty Company. The fact that the plaintiff served a notice to produce on Meyering and the United States Casualty Company does not make secondary evidence admissible, because the records are not and were not in the possession of these defendants.

The plaintiff draws his deduction, however, from the fact that the sheriff served the summons on defendants Fagerburg and Shirer prior to the time he returned the summons "not found" as to the defendant McCue and Company. The summons which plaintiff copies in full is directed against McCue and Company, and against other individual defendants. It is not claimed that the individual defendants occupy any relationship, agency or otherwise, to McCue and Company. There is nothing in the summons itself which would indicate that the plaintiff intended or thought that service on McCue and Company could be effected by serving one of the individual defendants in its behalf. Plaintiff's statement, "Even without the testimony of any witness, the original summons . . . shows the negligence and omission by the sheriff and his deputies of their statutory duties, in failing to serve and perfect the service of summons on the corporation," is absurd. Plaintiff does not suggest nor does he contend that he informed the sheriff or any of his deputies of the name of any officer or agent of McCue and Company in Cook county. As previously demonstrated, there is no evidence in the record that McCue and Company was in Cook county in the month of June or of July 1934, or that there was any officer or agent of that company in Cook county at that time. From the facts as they appear in this record, there is no evidence that there was any director or stockholder of McCue and Company in Cook county in June or July 1934.

Plaintiff next argues that the failure to return the summons within five days after service on Shirer and

Fagerburg was a violation of his duty by William D. Meyering, ex-sheriff. He further states that the case went to trial, so far as defendants Meyering and the United States Casualty Company were concerned, upon an amended complaint filed June 4, 1941. The breaches alleged in the complaint are that Meyering neglected to fulfill his statutory duty to serve the summons and that he made a false return that McCue and Company was not found in this county. Defendants urge that there is no allegation that Meyering breached his duty by failing to return the summons within five days after service. The issue is not raised by the pleadings and was not raised on the trial, and the contention is first made by the plaintiff in this court. Aside from the fact that such issue was not in the case either by pleading or upon the trial, and cannot first be raised in this court, the provision in the summons whereby the sheriff is directed to make a return within five days after service has no application to the case at bar, for the reason that such five-day period obviously begins to run at the time of service on all defendants named. In the case at bar fourteen individual defendants and the corporate defendant McCue and Company had not been served on June 6, 1934, and the five-day period did not start to run either on June 4 or June 6 when Fagerburg and Shirer were served. Consequently defendants urge and cite authorities to the effect that, in the absence of special conditions known to the sheriff, he has until the return day to serve and return the summons. The summons in the case at bar was returnable on the first and third Mondays in July, 1934. The plaintiff, however, urges that the plaintiff himself and his attorney in that case not only gave the sheriff instructions of the names of the defendants and their addresses, but the plaintiff repeatedly inquired about the service in the sheriff's office and repeatedly left memorandums, as instructed by the sheriff's deputies, on the spindle

kept and maintained for that purpose in the sheriff's office; that the name, address and telephone number of plaintiff's attorney was typewritten on the summons; that the plaintiff, in his many memorandums left on the spindle in the sheriff's office as directed by the sheriff's deputies, requested that the sheriff or deputy sheriff notify him or his attorney, at the address and telephone number of himself or his attorney written on the memorandum, and he inquires what more could have been done to awaken the sheriff and his deputies. The defendants, however, suggest that it is to be noted that the plaintiff does not contend that the memorandum contained information as to whom the sheriff should serve as an agent or officer of the corporate defendant. It is to be noted that the plaintiff does not state what name or what address he claims he wrote on the memorandum. The mere fact, if it is a fact, that the plaintiff tried to help the sheriff serve the corporate defendants does not show that the sheriff was negligent in serving the summons. The plaintiff, however, next contends that the sheriff never ascertained how to serve McCue and Company by examination of the records at the recorder's office of Cook county. Plaintiff did not offer those records in evidence, since there is nothing to show what if anything in reference to McCue and Company was disclosed by records in the recorder's office. Aside from this fact, the charter of an Illinois corporation does not disclose the identity of officers or agents now, and it did not in 1934. As it is suggested, the record is silent as to when McCue and Company was incorporated, and there is nothing in the evidence to show the situation which existed at the time it continued to exist in June 1934.

While plaintiff contends that Fagerburg and Shirer were variously officers, directors, stockholders, agents and attorneys, it is not the law that service on a corporation may be effected by serving a director, stock-

holder or attorney. Section 17 of the Civil Practice Act of Illinois [Jones Ill. Stats. Ann. 104.017], quoted at page 22 of plaintiff's brief, provides that service of process on a corporation shall be made "by leaving a copy thereof with any officer or agent of said company found in the county."

Section 43 of the Corporation Act in effect in 1934 (Ill. Rev. Stat. 1935, ch. 32, sec. 43), provides that the officers of a corporation shall consist of president, one or more vice-presidents, secretary, treasurer and such other officers and assistant officers as may be elected by the board of directors in the manner prescribed by the by-laws. Directors are not referred to as officers.

It would appear that the record is just as devoid of evidence that Fagerburg was a director, stockholder or attorney of McCue and Company in June or July of 1934, or at any other time, as it is that he was ever an officer. Since plaintiff refers to Fagerburg as a director, stockholder and attorney, we point out that the statute does not provide for service of process on a corporation by serving such persons, and that plaintiff evidently realizes this fact, for he also cites sec. 23, ch. 79 of the Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 71.019], which provides for service on directors. That section, however, pertains only to process issued by justices of the peace.

The summons in the circuit court case is dated June 1, 1934 and the first return day is the first Monday in July, 1934. The two-year period following the dissolution of McCue and Company expired June 21, 1934. Consequently plaintiff's cause of action in the circuit court suit became barred prior to the return day specified in the summons. From the record, it is suggested by the defendant, there is no evidence that the sheriff was advised by plaintiff, his attorney, or by anybody that the statute of limitations would run on June 21, 1934, and it appears from the record that the

plaintiff testified that he did not know, at the time the summons was in the hands of the sheriff, that it was necessary to serve the corporation within two years after the dissolution of McCue and Company, and there is nothing about this summons which put the sheriff on notice that the statute of limitations was about to run.

It appears that in the absence of special circumstances a sheriff has until return day in which to make service of process. In Mechem on Public Officers, page 491, the rule is stated as follows:

"Sec. 753. *Liable for Negligence in serving Process for Appearance.*—The officer is therefore bound to exercise reasonable diligence in serving process for defendant's appearance. What is reasonable, depends in this case, as in others, upon the circumstances. The officer ordinarily should serve process in the order in which it is delivered to him. He is not obliged to neglect the business of everybody else, . . . but has, under ordinary circumstances, until the return day in which to make the service.

"But if he is informed of unusual circumstances which require more haste, as if the debtor is about to depart from the country or is only temporarily within the jurisdiction, or if the statute of limitations is liable to expire, or if, for any other reason, the plaintiff should direct that it be served immediately, the officer would be bound to use a greater degree, but still the same kind of diligence,—reasonable diligence under the unusual circumstances.

"This duty requires that the officer shall exercise reasonable diligence to find the defendant, and reasonable care to make a proper and sufficient service; but, at the same time, the officer is not bound to find the defendant at all hazards, and he is not liable if he does not find him, though within reach of his process, if he used reasonable diligence."

Defendants further quote from 57 Corpus Juris, Sheriffs and Constables, page 782, in which the rule is stated as follows:

"(Sec. 144) c. *Time for Execution.* A sheriff should execute a writ without delay and within a reasonable time after he receives it, and, in the absence of directions by plaintiff in the writ, or knowledge of special circumstances requiring greater diligence, execution of the writ within the time allowed by law is sufficient. But where a sheriff has knowledge or reasonable ground to believe that there will be danger of loss to the creditor through delay in the execution of a writ, it is his duty to execute it immediately." (Citing the case of *State v. Rollins,* 13 Mo. 179.)

It would appear from the authorities and the facts as they appear in this record that William D. Meyering was under no duty whatever to serve the summons prior to the expiration of two years after the dissolution of McCue and Company, and by serving the summons at any time before the first Monday in July, 1934, Meyering would have fully fulfilled his duties as sheriff. There is no evidence that his ultimate failure to serve the summons by return day was caused by negligence but if it had been, such failure would not have resulted in damage to the plaintiff because prior to the time Meyering's duties required him to serve the summons, the plaintiff's cause of action in the circuit court case was already barred by the expiration of the two-year period after the dissolution of McCue and Company.

A further question that is called to our attention is that the trial court properly refused to receive in evidence the affidavit of August Berke, the former deputy sheriff. Plaintiff offered in evidence an affidavit made by August Berke on March 26, 1936. The objection of the defendants to this offer was sustained. The plaintiff in this case contends that the affidavit was admissible as an admission made in a pleading in another

action and as a declaration against interest. The defendant replies that the instant suit is against William D. Meyering and the United States Casualty Company. Berke was not a party herein, nor was he or the sheriff a party to the circuit court suit. Although the affidavit was not a pleading in the circuit court suit of *Sarelas v. McCue & Co.*, it would not be admissible if it had been, for the reason that the maker of the affidavit is not a party to the case at bar. The cases of *People ex rel. Nelson v. Central Mfg. Dist. Bank*, 306 Ill. App. 15, and *Hinman v. Devine*, 167 Ill. App. 625, and section 35 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.035], pertain to admissions by a party. As appears from this affidavit, Berke called on Fagerburg and served him individually and at the time informed Fagerburg that McCue and Company was one of the defendants, and inquired of Fagerburg where he could find the president, secretary, or any officer, agent or employee of McCue and Company, and that Fagerburg told Berke that McCue and Company had ceased doing business and that Fagerburg did not know where any officer or agent of said McCue and Company could be found. It further appeared from the affidavit that Berke told Fagerburg he was listed as an agent of McCue and Company and that Fagerburg told him this was not so, and, the affidavit further states, whereupon the affiant at that time having no reason to doubt the representation so made by Fagerburg, left without serving the corporation.

As a matter of fact, the affidavit of Berke did not tend to prove negligence on his part, or on the part of the sheriff, and was not a declaration against interest. The affidavit does show that Berke performed his duties by attempting to locate and serve an officer or agent of McCue and Company. Hence, the affidavit was immaterial and irrelevant to prove any of the issues in favor of the plaintiff, but if it had tended to prove any of such issues, it would have been inadmis-

sible because it is a mere *ex parte* hearsay statement.

It does not appear from what the plaintiff contends that during the course of the trial the judge made remarks and was otherwise guilty of conduct which tended to influence the minds of the jury. However, it has been suggested by defendants that inasmuch as the case did not go to the jury, and the question is whether or not the plaintiff produced evidence from which the jury might reasonably find the issues in favor of the plaintiff, that it is immaterial whether or not the trial court's conduct might have tended to influence the jury. So that, from the facts as they appear in this record and as we have just stated, the cause was not submitted to the jury, and therefore there was nothing to influence them upon a finding as to the facts in the case in question. It appears finally that the court properly directed a verdict because the plaintiff's amended complaint fails to state a cause of action and no evidence was admissible thereunder which could make out a case in favor of plaintiff.

This action was against the sheriff and his surety upon the sheriff's official bond. The substance of the bond is not pleaded; the bond is not set up *in haec verba*, and a copy of the bond is not attached to the amended complaint as an exhibit. The bond, however, was received in evidence over the objection of the defendants.

Section 36 of the Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 160 [Jones Ill. Stats. Ann. 104.036]) provides:

"Sec. 36. (Exhibits.) Whenever an action, defense or counterclaim is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader shall attach to his pleading an affidavit stating facts showing that such instrument is not accessible to him. In pleading any written instrument a copy thereof may be attached to

the pleading as an exhibit. In either case the exhibit shall constitute a part of the pleading for all purposes. No profert shall be necessary.''

The suggestion is offered by the defendant that the provision of the statute is mandatory and that the amended complaint and, in fact, the original complaint fail to allege a cause of action on the bond.

After a careful consideration of the facts as they appear in this record and of the law as suggested we are of the opinion that the court properly entered the judgment upon a directed verdict in favor of the defendants.

*Affirmed.*

BURKE, P. J., and KILEY, J., concur.