No. 3-05-0754

Filed October 18, 2006.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

TAD TYLER and RICHARD TYLER,    )   Appeal from the Circuit Court
    )   of the 12th Judicial Circuit,
    Plaintiffs-Appellants,    )Will County, Illinois,
    )
    v.    )
    )
JOHN GIBBONS, JOEL ANDERSON,    )
KATHLEEN LESTINA, ROBERT WALKER,)   No. 03-L-518
TOM HARVEY, BRUCE JASURDA,    )
DAN WALKER, ROE WALKER, ANDREA  )
SILVERMAN, CLIFTON GUNDERSON    )
L.L.P., SCHRADER AUCTIONEERING    )
SERVICES, INC.,    )   Honorable
    )   Susan T. O'Leary,
    Defendants-Appellees.    )Judge, Presiding.

_____

JUSTICE LYTTON delivered the opinion of the court:

_____

Plaintiffs Richard and Tad Tyler filed a complaint against the former officers and directors of Ty-Walk Agricultural, Inc. (Ty-Walk), alleging that defendants mismanaged corporate assets and breached their fiduciary duty to the shareholders to exercise reasonable care in the conduct of the business of Ty-Walk. The trial court granted defendants' motion to dismiss based on the doctrines of res judicata and Moorman. We affirm.

Ty-Walk was a Delaware corporation with its primary place of business in Minooka, Illinois. Ty-Walk's business was to "manufacture, distribute, apply liquid fertilizer and allied products, and lease equipment for application, as well as deal in general farm products and equipment." Defendants Richard Walker and Bruce Jasurda were officers and members of the board of directors of Ty-Walk.

In 1998, Tad and Richard Tyler, were approached by representatives of Ty-Walk regarding the possible sale of plaintiffs' company, James Tyler & Sons. Following negotiations, Ty-Walk purchased the company. As part of the sale, plaintiffs received shares of Ty-Walk stock and a "put/sale" option to sell those shares to the Ty-Walk company in the event of a sale of 51% or more of Ty-Walk stock to a third party.

During 2001, plaintiffs properly exercised their "put/sale" options. At that time, the value of Richard Tyler's stock was approximately $1.075 million, and the value of Tad Tyler's stock was approximately $750,000. Shortly after the exercise of the options, the Illinois Department of Agriculture took control of Ty-Walk, finding improper, illegal and fraudulent business practices. Ty-Walk was subsequently placed in bankruptcy and refused to purchase plaintiffs' stock.

In the fall of 2001, Richard Tyler filed suit against Ty-Walk to recover the value of his "put/sale" options. On November 5, 2001, the trial court entered a default judgment in favor of Tyler in the amount of $1.075 million.

In August of 2003, Richard and Tad Tyler filed suit against Walker, Jasurda, and others who are not part of this appeal. Against Walker and Jasurda, plaintiffs alleged that defendants were officers and directors of the company and therefore owed a duty to plaintiff shareholders to use reasonable care in their conduct of the business of Ty-Walk so

2

as not to harm plaintiffs.  Plaintiffs asserted that defendants breached their fiduciary duty to act in the best interests of the shareholders.  They further claimed that in violation of that duty, Walker and Jasurda failed to properly conduct, monitor and verify the business activities of Ty-Walk.  Plaintiffs sought monetary damages in excess of $50,000.

Defendants moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)) based on res judicata and the Moorman doctrine.  The trial court found that both grounds applied and granted the motion.

ANALYSIS

I. Procedural Requirements for Motion to Dismiss

Plaintiffs first claim that the grounds for dismissal were not properly supported by exhibits and affidavits.  They argue that the court erred in ruling on the motion to dismiss without sufficient support and improperly shifted the burden of proof to plaintiffs.

A section 2-619 motion to dismiss raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law.  In re Parentage of M.J., 325 Ill. App. 3d 826 (2001).  Since the resolution of the motion involves a question of law, the standard of review is de novo.  Prime Leasing, Inc. v. Kendig, 332 Ill. App. 3d 300 (2002).  On a motion to dismiss, this court must accept all well-pleaded facts as true.  Prime Leasing, Inc., 332 Ill. App. 3d 300.  It is well settled that a verified complaint stands as an admission by a party.  Sarelas v. Fagerburg, 316 Ill. App. 606 (1942).

In support of their motion to dismiss, defendants submitted an affidavit, certified copies of the certificate of incorporation of Ty-Walk and a verified amended complaint of the suit previously filed by Richard Tyler.  All of these attachments were submitted in opposition to plaintiffs' claims. The affidavit averred that plaintiffs were also directors of the

3

corporation.  The certificate of incorporation stated that Ty-Walk was "in the business of" applying agricultural products and leasing agricultural equipment.  The complaint from Tyler's 2001 lawsuit was verified and sought to establish that plaintiffs were seeking to recover similar damages for similar claims of negligence in this second case.

Based on our review of the record, we find that the motion to dismiss was adequately supported by attachments and properly considered by the trial court.  We further find that the burden of proving the motion remained with defendants.

## II.  The Moorman Doctrine

Substantively, plaintiffs claim that the trial court erred in ruling that their claims were barred by the Moorman doctrine.

In Illinois, solely economic losses are generally not recoverable in tort actions. Moorman Manufacturing Co. v. National Tank Co., 91 Ill. 2d 69 (1982).  The economic loss doctrine adopted by the supreme court in Moorman bars a plaintiff from recovering in negligence for losses which are purely economic, which do not involve personal injury or property damage.  Moorman, 91 Ill. 2d 69.  The supreme court reasoned that tort law is not intended to compensate parties for monetary losses suffered as a result of duties which are owed to them simply as a result of a contract.  Losses related to a purchaser's disappointed expectations due to deterioration, internal breakdown or nonaccidental causes lie in contract.  Moorman, 91 Ill. 2d at 86.  However, negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions is an exception to the Moorman doctrine.  In re Illinois Bell Switching Station Litigation, 161 Ill. 2d 233 (1994).

To state a claim based on the negligent misrepresentation exception to the Moorman

4

doctrine, the plaintiff must demonstrate that the defendant: (1) is in the business of supplying information for the guidance of others in their business dealings; (2) provided false information; and (3) supplied the information for the guidance of the plaintiff's business transactions. Prime Leasing, Inc., 332 Ill. App. 3d at 311. An allegation that the defendant is in the business of supplying information for the guidance of others is a legal conclusion that must be supported with well-pleaded factual allegations. Tolan & Sons, Inc. v. KLLM Architects, Inc., 308 Ill. App. 3d 18 (1999).

Plaintiffs argue that the negligent misrepresentation exception applies to their claims because defendants, as officers and directors of Ty-Walk, were in the business of supplying information for the guidance of the shareholders in their business transactions. We disagree.

Here, the business of the board of directors of Ty-Walk was to run the agronomy-based company. That company provided chemical products and equipment to agricultural producers, not financial information. Since the company was not in the business of supplying information for the guidance of others, its directors were not either. See Prime Leasing v. Kendig, 332 Ill. App. 3d 300 (2002) (plaintiffs' negligence claims were barred by the Moorman doctrine because the Ben Franklin corporation was not in the business of supplying information and, as such, its directors were not either). Therefore, the negligent misrepresentation exception to the Moorman doctrine does not apply.

Moreover, plaintiffs clearly admit that Ty-Walk was in the business of buying and dealing in agricultural products. Their complaint does not specifically allege that the directors were in the business of supplying financial information to the shareholders, nor does it demonstrate that defendants supplied the information for the guidance of Tad and

5

Richard Tyler's business transactions. Thus, plaintiffs' complaint fails to plead a cause of action that would allow the application of the exception. Accordingly, the trial court properly granted defendants' motion to dismiss.

In light of the above disposition, we need not consider plaintiffs' remaining arguments on appeal.

## CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCHMIDT, PJ., and HOLDRIDGE, J., concurring.

6